MARTÍNEZ ET AL., PLAINTIFFS AND RESPONDENTS,. *v.* PORTO RICO RAILWAY, LIGHT & POWER COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an action of ejectment and for damages.

No. 1042.—Decided May 5, 1914.

PLAINTIFF'S TITLE—EVIDENCE.—As a general rule the averments of a party in his own favor are not admissible in his behalf unless they form a part of the act or contract to be proved; therefore a document in which it is said that the plaintiff had acquired half of the property in litigation by means of another document is not admissible to prove his title.

PLEADING—COMPLAINT—EVIDENCE.—Documents reciting facts which occurred after the filing of the complaint are not admissible as evidence unless the complaint is amended and an allegation made to support such evidence.

PROCEDURE—STATEMENT OF CASE—EVIDENCE—AMENDMENTS.—When a statement of the case fails to show that certain deeds introduced in evidence only have the effect of raising to the status of public documents sales made previously by private documents, the respondent should move the trial court to amend the statement of the case by supplying said omissions, and the court should see that said statement of the case contain all the facts necessary to enable this court to decide the appeal even when the respondent does not make such a motion.

EJECTMENT—RECORD OF TITLE.—The fact that the plaintiff does not record his title until after the filing of the complaint is not a bar to his recovering the property in controversy.

ID.—JOINT-OWNERSHIP OF PLAINTIFFS—JUDGMENT.—When an action of ejectment is brought by all the joint owners of a property and only one of them proves his title, a judgment cannot be rendered in favor of this one because it would not be possible to put him in possession of an indeterminate part of a property owned by all of them jointly.

The facts are stated in the opinion.

*Mr. Hugh R. Francis* for the respondents.

*Mr. J. Henri Brown* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the complaint filed in the District Court of San Juan, Section 1, on August 12, 1912, and finally amended on October 19 of the same year, the three plaintiffs herein alleged that they were the owners in common *pro indiviso,* one .of one-half and the other two of one-fourth each, of a property

situated in Bayola of the ward of Santurce in San Juan, 18 *varas* wide by 300 meters deep, which they have owned since a date prior to the year 1910, as appears from its record in the registry of property of the district, and that about the end of the year 1910 the defendant corporation, without their consent and without paying them any indemnity therefor, entered upon and took possession of a strip of land 4 meters wide by 18 meters long crossing the said property from east to west, on which they have thrown up embankments and laid a permanent railway track, causing the plaintiffs damages to the extent of $6,000, which amount they claim together with the land.

The defendant corporation answered the complaint denying all the said facts and alleged that the strip of land claimed forms a part, as it also did at the end of 1910, of a public street of the municipality of San Juan, it being an extension of the Nereidas Boulevard, and that the electric railway track was laid there under a franchise granted the defendant by the Executive Council of Porto Rico and by virtue also of an agreement entered into with the municipality of San Juan, which is the owner of the said strip of land sought to be recovered, in which the defendant has a right of servitude only.

The trial took place on these pleadings and judgment was rendered on May 23, 1913, sustaining the complaint and decreeing that the defendant corporation return the real property claimed, namely, the strip of land occupied by the trolley track on the property described in the complaint, and pay the costs, disbursements, and attorney's fees. The defendant corporation took the present appeal from that judgment.

Two questions are raised by the appellant in this appeal, the first being as to the evidence admitted by the court at the trial over the objection of the appellant and the second as to the sufficiency of that evidence taken as a whole to sustain the judgment in case it were admissible. The question of the insufficiency of the evidence was raised by a motion by the

defendant for a nonsuit after the plaintiffs had rested their case, the defendant not having offered any evidence.

In order to prove that they were the owners of the property on which the defendant corporation has laid its railway track for a trolley service, the plaintiffs offered in evidence a public instrument dated January 11, 1913 (Exhibit B), the object of which was to supply certain omissions in a previous instrument as to the area of the property, in which it is incidentally stated that by another deed Arturo Brac had sold to Carmen Figueroa his joint ownership of an undivided half, and that the said Carmen Figueroa in turn had sold the same by another public deed to Manuel Martínez, one of the plaintiffs. This instrument was not recorded until April 30, 1913.

To establish the ownership of Carmen Figueroa there was offered in evidence the deed of January 11, 1913 (Exhibit D), in which Arturo Brac sold to the said Carmen Figueroa an undivided fourth part of the property, also recorded on April 30, 1913.

And as to the other joint owner and paintiff, Eugenio Brac, a deed executed in the year 1903 (Exhibit E) was offered in evidence, showing that he had purchased from Wenceslao Allende a joint interest of one undivided fourth of a property of 2.10 *cuerdas,* situated at Bayola in the ward of Santurce of San Juan, which was not recorded until April 30, 1913, and also the deed executed in the year 1909 (Exhibit C) in which Eugenio Brac and others divided the property of 2.10 *cuerdas* into four lots, the description of lot "B" corresponding to the description of the property referred to in the complaint containing the strip of land claimed. Of the other four documents those marked "F" and "G" have no other object than to show the origin of the property, and as to those marked "A" and "H," the appellant makes no objection thereto in this appeal, the first being a power of attorney and the second a notarial demand for the vacation of another property.

The said documents were admitted in evidence over the objection and protest of the appellant and we are of the opinion that its objection was well founded. Plaintiff Manuel Martínez cannot prove his ownership in the property in controversy as against the defendant by means of declarations as to his acquisition made by him and other persons in a document which is not his title deed. It would be very risky to sustain the claims of plaintiff Martínez on his own unsworn statements made out of court without his having been submitted to cross-examination, seeing that, as a general rule, the declarations of a party in his own favor are not admissible in his behalf unless they form part of the act or contract to be proven. Jones on Evidence, sec. 235. Therefore, the document marked ''B,'' in which reference is made to the fact that Manuel Martínez had acquired an undivided half interest in the lot in question by virtue of another instrument, should not have been admitted as proof of his title. But, in addition, the said document, as well as the one marked ''D'' which was introduced in evidence to prove plaintiff Carmen Figueroa's title, should not have been admitted, because, it having been executed nearly one year after the complaint was filed, that kind of evidence constitutes a substantial difference between what was alleged and what was proven; for, while it is alleged in the complaint that they were the owners since before the occurrence of the acts complained of, the evidence shows, according to the statement of the case, that they did not acquire an interest in the property until long after the complaint had been filed. Evidence cannot be introduced of matters arising after the commencement of the action unless a foundation therefor has been laid in the pleadings. See cases cited in 31 Cyc., 684, letter F, foot-note 93.

The respondents moved at the hearing before us to be allowed to amend the statement of the case, alleging that it did not contain all the facts necessary to enable us to arrive at the effect of the evidence introduced, as it omitted to state

that the said deeds have no other effect than of raising to public documents the private deeds by virtue of which the sales were made formerly.   We overruled the motion at that time because that was not the way in which to amend a state-ment of the case, which requires the intervention and ap-proval of the judge; but if it is true that said facts are omit-ted from the statement of the case, the respondents should ask the lower court to amend the same and the latter should take care that it should contain all the facts necessary for our decision on appeal, even though no action was taken by the respondents in this regard.

As to the other plaintiff, Eugenio Brac proved that he acquired the joint ownership of an undivided fourth of the property of 2.10 *cuerdas* in 1903 and by a division of this in 1909 a like interest in the lot containing the strip of land sought to be recovered, and the fact that he, as well as the other two plaintiffs, did not record their titles until after the filing of the complaint would not prevent them from recover-ing, because the essential allegation of the complaint is that they are the owners and the statement that they are such according to the record in the registry is only an expla-nation which may be regarded, perhaps, as superfluous.

However, as the action was brought by all who allege that they are joint owners for the restitution of the said strip of land and two of them have failed to establish their titles in accordance with law, the share of Eugenio Brac being *pro indiviso,* it would be impossible under these conditions to decree that the whole be delivered to him for he is not the owner of the whole nor of a part thereof because his fourth part is not determinate.

In view of the foregoing circumstances and of the erro-neous admission in evidence at the trial of the documents referred to, the judgment appealed from must be reversed and the case remanded for a new trial.

*Reversed and remanded for a new trial.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.